**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 14-26441 |
| | ) | |
| Mark J. Hivon | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. A. Benjamin Goldgar |

### APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED ATTORNEYS FOR THE TRUSTEE

Law Offices of Ilene F. Goldstein, Chartered, Attorneys for Ilene F. Goldstein, Trustee, pursuant to §330 of the United States Bankruptcy Code, requests the entry of an order authorizing and allowing an award of final compensation and reimbursement of expenses. In its application, IFG Chtd. requests compensation for services rendered during the period August 20, 2014 to December 16, 2016. For this period, IFG Chtd. seeks attorneys' fees for services rendered in the amount of $11,165.00 for 31.90 hours. IFG Chtd. also requests that the Court order, allow and direct payment to it of $221.09 for reimbursement of expenses incurred in connection with its legal services.

In support of its application, IFG Chtd. respectfully states as follows:

### BACKGROUND

1. 1. On July 18, 2014 a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

2. Ilene F. Goldstein has been appointed as the duly appointed, qualified and acting bankruptcy Trustee for the Bankruptcy Estate of Mark J. Hivon.

3.  Through her administration and liquidation of the Estate, Trustee has recovered over $1,360,000 of which after payment of secured creditors and closing costs and an interim distribution of over 100,000.00 there is over $61,000.00 left to disburse and available to the Estate. The Case was filed as a no asset case but after the diligence of the Trustee which included visiting property and speaking with various real estate professionals in two states and Canada the Trustee was able to liquidate substantial property.

## INTRODUCTION

4.  The Trustee recovered funds from the liquidation of property located in Illinois and for over $1.6 million and after the payment of secured creditors and an interim distribution has remaining $61,879.35.

## RETENTION AND QUALIFICATION OF IFG CHTD.

5.  On September 12, 2014, this Court entered an order authorizing the retention of Law Offices of Ilene F. Goldstein, Chartered as attorneys for the Trustee retroactive to August 20, 2014.

6.  IFG Chtd. has extensive experience in bankruptcy matters and in the representation of bankruptcy trustees.

## ALL SERVICES PERFORMED BY IFG CHTD. WERE REASONABLE AND NECESSARY

7.  Pursuant to §330 of the Code and the generally applicable criteria with respect to time, nature, extent and value of services performed, all of IFG Chtd.'s services are compensable and the compensation requested is fair and reasonable. All the legal services performed by IFG Chtd. to date were required for the proper representation of the Trustee in this Chapter 7 case.

There has been no duplication of services by members or associates of IFG Chtd. for which compensation is requested herein.  In instances where two or more attorneys participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved.  IFG Chtd. has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals.  IFG Chtd. has also voluntarily chosen to not bill certain time and expenses and cut time already billed.  However, IFG Chtd. professionals have been required to conduct a limited number of strategy conferences as defined by In re Adventist Living Centers, Inc., 137 B.R. 701 (Bankr. N.D. Ill. 1991).

From the outset of this case, members of IFG Chtd. were instructed to avoid recording time entries which contained "lumping" as discussed in In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987).  In those instances in which more than one task is contained within a time entry description, IFG Chtd. has specified within the time entry description the amount of time attributable to each individual task.

8. Itemized and detailed descriptions of the specific legal services rendered to Trustee by IFG Chtd., after revision by the Trustee, are reflected on the billing statements attached hereto as Exhibit A.  The billing statements set forth the initials of each attorney and the amount of time spent rendering each service, the day on which such service was rendered and a description of the nature of the services rendered.  Also attached as part of Exhibit B is a summary of the fees and costs expended in each category of activity.

**ALL OF THE EXPENSES FOR WHICH IFG CHTD. SEEKS REIMBURSEMENT WERE NECESSARY**

9. IFG Chtd. incurred expenses in the amount of $221.09 in connection with its representation of the Trustee during the period August 20, 2014 to December16,

2016 for which it now requests reimbursement. IFG Chtd. maintained a system for recording expenses in a manner which complies with the requirements of <u>In re Convent Guardian Corp.</u>, 103 BR 937 (Bankr. N.D. Ill. 1989). IFG Chtd. continued to undertake extraordinary efforts to attempt to manually input descriptions for document reproduction projects, messenger deliveries, overnight delivery services and facsimile transmittals in order to provide the greatest amount of detail for individual expense entries. An itemized breakdown of each of these expenses is included in the billing statements attached as Exhibit A. IFG Chtd. does not seek reimbursement for expenditures it has incurred in this case which constitute overhead, such as ordinary postage charges and secretarial charges. <u>In re Adventist Living Centers, Inc.,</u> 137 BR 701. IFG Chtd. is seeking reimbursement primarily for expenses incurred for, among other things, document binding and reproduction charges, messenger charges and delivery charges that were incurred in the service of pleadings and mailing of notices to creditors and parties in interest. For documents, pleadings or correspondence which were delivered by messenger, telecopier or Federal Express as opposed to delivery by first class mail, such expedited delivery was deemed absolutely necessary in the exercise of discretion by the responsible attorney in order to meet court deadlines or otherwise insure the efficient and orderly administration of services to the Trustee.

    Notwithstanding the fact that a limited number of the expenses included in IFG Chtd.'s billing statements do not contain detailed descriptions, all of the aforesaid expenses were actually incurred by IFG Chtd. and were necessary for the proper representation of the Trustee in this case. All the expenses incurred are specifically allocated to this case and do not represent general overhead or other expenses unrelated to this case.

# NATURE OF SERVICES PERFORMED BY IFG CHTD.

**Assets**

10. Counsel for the Trustee prepared pleadings to sell the Trustee's interest in Real Estate located in Illinois and Canada. Additionally, Trustee's counsel evaluated the legal ownership of property located in Michigan by tenancy by the entirety to determine if the property was available to the Estate. The Sale of the Real Estate was complicated by liens on the property and an uncooperative lender. Counsel for the Trustee appeared for hearings on the various approvals of sales of Real Estate.

In connection with the above services, IFG Chtd. expended 7.70 hours, for which it seeks compensation in the amount of $7,700.00 for fees and $136.01 in expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 22.00 hours | $350.00 | $7,700.00 |
| TOTAL | 22.00 hours | | $7,700.00 |
| | | Expenses | $  136.01 |
| | | Total | $7,836.01 |

**Miscellaneous/Tax Issues**

11. Counsel for the Trustee reviewed and appeared on various motions on stay issues, analyzed a complaint to determine if there were any relevant facts and prepared the tax determination letters.

In connection with these services, IFG Chtd. expended 3.40 hours, for which it seeks $1,190.00 in fees and reimbursable expenses of $11.33. Set forth below in a chart which summarizes the time expended by each professional in this category.

Time        Hourly

| Professional | Spent | Rate | Total |
|---|---|---|---|
| IFG | 3.40 hours | $350.00 | $1,190.00 |
| TOTAL | 3.40 hours | | $1,190.00 |
| | | Expenses | $   .11.33 |
| | | Total | $1,201.33 |

**Retention and Compensation**

12.  Counsel for the Trustee prepared pleadings to retain counsel for the Trustee a real estate broker, special real estate counsel and accountant to the Trustee. Counsel for the Trustee prepared final fees for Counsel for the Trustee, Special Counsel to the Trustee and Accountants to the Trustee.

In connection with the above services, IFG Chtd. expended 6.50 hours, for which it seeks compensation in the amount of $2,275.00 for fees and $73.75 in expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 6.50 hours | $350.00 | $2,275.00 |
| TOTAL | 6.50 hours | | $2,275.00 |
| | | Expenses | $   73.75 |
| | | Total | $2,348.75 |

**CONCLUSION**

13.  The rates charged by IFG Chtd. in this fee application are its usual and customary rates charged during the period covered by this application for work performed for other clients in both bankruptcy and non-bankruptcy matters.

14.  IFG Chtd. has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by IFG Chtd. for services rendered to the Trustee in this case.

15. IFG Chtd. has not previously submitted a fee applications in this case.

16. IFG Chtd. has provided the Trustee with a draft of this application and certifies that the Trustee has approved the application.

WHEREFORE, IFG Chtd. requests the entry of an order:

a. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered final compensation in the amount of $11,165.00 for the actual, necessary and valuable professional services rendered to the Trustee during the period from August 20, 2016 to December 16, 2016

b. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered reimbursement for its actual and necessary expenses of $221.09 incurred in connection with such services;

c. For such other and further relief as this Court deems appropriate.

          Respectfully submitted by
          Law Offices of Ilene F. Goldstein, Chartered

          By:   /s/Ilene F. Goldstein
                One of Its Attorneys

Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
900 Skokie Blvd, Suite 128
Northbrook, IL 60062
(847) 562-9595

## TIME SUMMARY BY INDIVIDUAL

| Professional | Hours | Rate | Total |
|---|---|---|---|
| IFG | 31.90 | $350.00 | $11,165.00 |
| TOTAL | 31.90 | | $11,165.00 |

## TIME SUMMARY BY CATEGORY

| | Fees | Costs | Total |
|---|---|---|---|
| Assets | $7,700.00 | $ 136.01 | $7,836.01 |
| Miscellaneous | $1,190.00 | $ 11.33 | $ 1,201.33 |
| Retention/Comp. | $ 2,275.00 | $ 73.75 | $ 2,348.75 |
| **TOTAL** | **$11,165.00** | **$221.09** | **$11,386.09** |